IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO D. FRAZIER, #159151, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-67-MHT |
| | ) | [WO] |
| | ) | |
| OFFICER CHAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Antonio D. Frazier ["Frazier"], a state inmate, on January 31, 2013 (Doc. No. 1). In the complaint, Frazier challenges actions to which he was subjected during a previous term of incarceration at the Kilby Correctional Facility.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they addressed the claims for relief presented by Frazier. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Frazier in the complaint. Specifically, these documents demonstrate that the defendants did not subject Frazier to actions violative of the Eighth Amendment.

In light of the foregoing, the court issued an order directing Frazier to file a

response to the defendants' written report. *Order of March 13, 2013 - Doc. No. 12*. The order advised Frazier that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Frazier for filing a response in compliance with the directives of this order expired on April 2, 2013. As of the present date, Frazier has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear dismissal of this case is the proper course of action. Frazier is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Frazier has exhibited a lack of deference for this court and its authority as he has ignored the directives of an order entered herein requiring a response necessary to the proper disposition of this action. Finally, Frazier' actions indicate a loss of interest in the continued prosecution of this case and the report filed by the defendant indicates that no violation of the Constitution occurred. It is therefore apparent that

any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and the lack of merit to his claims warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *cf. Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice. It is further

ORDERED that **on or before May 21, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo

determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 7th day of May, 2013.


            /s/Charles S. Coody
            CHARLES S. COODY
            UNITED STATES MAGISTRATE JUDGE